# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
No. 10-261V
Filed: April 17, 2014

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JEFFREY TOMPKINS,                      \* <br> as personal representative of the estate of     \* <br> William Bruce Tompkins, deceased,           \* <br>              Petitioner,                      \* <br>                                              \* <br>     v.                                    \* <br>                                              \* <br> SECRETARY OF THE DEPARTMENT         \* <br> OF HEALTH AND HUMAN SERVICES,       \* <br>              Respondent.                   \* | Stipulation; Attorney Fees and Costs. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Murray Henner, Esq.*, Murray Henner, Scottsdale, AZ for petitioner.
*Lisa Watts, Esq.*, U.S. Dept. of Justice, Washington, DC, for respondent.

## **DECISION on ATTORNEY FEES and COSTS**[1]

**Vowell**, Chief Special Master:

       On April 28, 2010, William Tompkins filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. After William Tompkins died, as a result of injuries suffered in a car accident, petitioner's counsel moved to substitute Jeffrey Tompkins, in his capacity as personal representative of William's estate, as petitioner. The motion was granted on October 25, 2011.

       On February 11, 2013, I issued a decision that awarded interim attorney fees and costs to petitioner and his former counsel, Stephen Leshner.[3] The award of $19,000.00

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

[3] On July 22, 2013, Mr. Leshner initiated the Motion for Review process. He noted his intention to withdraw from the case and specified that the filed pleading was authored by petitioner without his

represented the parties' negotiated amount to cover all attorney fees and costs incurred through November 8, 2010.

On April 17, 2014, the parties filed a Stipulation of Fact Concerning Attorneys' Fees and Costs.  The stipulation contains the final fee and costs request for both petitioner's current counsel, Mr. Henner, and his former counsel, Mr. Leshner.  Stipulation at ¶3.  The stipulation indicates that petitioner has no personal litigation costs.  *Id.* at ¶4.

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim.  Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1).  Further, the proposed amount seems reasonable and appropriate.  **Accordingly, I hereby award the total $34,500.00[4] in the form of a check payable jointly to petitioner and petitioner's counsel of record, Murray Henner, for petitioner's attorney fees and costs**

The clerk of court shall enter judgment accordingly.[5]

**IT IS SO ORDERED.**

                                        **s/Denise K. Vowell**
                                        Denise K. Vowell
                                        Chief Special Master

---

assistance.  Petitioner filed a stipulation for substitution of counsel on September 10, 2013.  Petitioner's new counsel, Mr. Murray Henner, handled petitioner's Motion for Review before the US Court of Federal Claims.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).  The stipulation indicates that "petitioner is responsible for making the appropriate distribution to petitioner's former counsel from [this amount]."  Stipulation at ¶3.

[5] Entry of judgment can be expedited by each party's filing a notice renouncing the right to seek review.  *See* Vaccine Rule 11(a).